IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS, INC., | |
| Plaintiff, | No. C 07-01451 JSW |
| v. | **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| JULIAN ROMERO, | |
| Defendant. | |

The Court has reviewed Magistrate Judge Joseph C. Spero's Report and Recommendation on Plaintiffs' Motion for Default Judgment ("the Report.") In his Report, Magistrate Judge Spero recommends granting the motion for default judgment and sets forth his recommendations regarding the relief requested.

With respect to the issues of Defendant's liability, statutory damages and costs, the Court finds the Report well-reasoned and thorough and adopts it in every respect. In addition, the Court also finds that the Report is well-reasoned and thorough with respect to the Plaintiffs' entitlement to injunctive relief, and adopts it to the extent it recommends granting Plaintiffs a permanent injunction.

The Copyright Act authorizes the Court to grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Pursuant to Rule 65, an injunction "shall be specific in terms" and "shall describe in reasonable detail ... the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The Court

1 adopts the Report to the extent it recommends that the injunction be limited to infringement of
2 Federal copyright law and recommends that the Court require Defendant to destroy all copies or
3 phonorecords made or used in violation of the Plaintiffs' exclusive rights.

4 Plaintiffs also requested and the Report recommends issuing an injunction that would, *inter alia*, enjoin the defendant from "directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label." (*See* Report at 10:15-22 (quoting proposed injunction).)[1]

9 As to Plaintiffs' existing copyrighted works, the injunction clearly is specific enough to place Defendant on notice that he cannot infringe the Plaintiffs' copyrighted works or copyrighted sound recordings. Thus, the Court concludes that the injunction is sufficiently specific in terms to put that defaulting defendant on notice that the *work* in question cannot be infringed, even if the copyright interest in that work subsequently is transferred or otherwise granted to one of the named Plaintiffs' parents, subsidiaries or affiliate record labels.

15 The Report also correctly notes that the that once a plaintiff has established infringement of existing copyrighted works, an injunction may extend to future copyrighted works and the named Plaintiffs are entitled to an injunction for such works. *See, e.g., Princeton Univ. Press v. Michigan Document Servs., Inc.*, 99 F.3d 1381, 1392-93 (6th Cir. 1996) (citing cases); *Warner Bros. v. Malacra*, 2007 U.S. Dist. LEXIS 13421 at *16 (E.D. Cal. Feb. 22, 2007). To the extent Plaintiffs seek to obtain an injunction for future works that would apply to parents, subsidiaries and affiliate record labels, the Court shall grant the request to the extent Plaintiffs obtain copyright protections for future works but as to which the interests in the copyrighted work is transferred or otherwise granted to a parent, subsidiary or affiliate record label. Again, the Court concludes that such an injunction would put the defendant on notice that he cannot

---

[1] Although the language in the injunction seeking protection "in the Copyrighted Recordings and any sound recording" could be read to suggest Plaintiffs were seeking to protect works that were not copyrighted, it is clear from the record in this case that Plaintiffs only seek to protect works for which they have obtained, or will in the future obtain, a valid copyright. The Court, however, shall modify the injunction to include this clarification.

2

infringe *the Plaintiffs' future copyrighted works,* even if the interests in the copyright are subsequently transferred or otherwise granted to one of Plaintiffs' parents, subsidiaries or affiliate record labels.

To the extent the Plaintiffs request and to the extent the Report can be construed to recommend extending the benefits of the injunction to future works of Plaintiffs' parents, subsidiaries, and affiliate record labels, the Court does not believe the strictures of Rule 65 would be met. These entities are not named in, or otherwise identified in, the Complaint. Thus, if one of these entities were to copyright a work in the future, the defaulting defendant would not be placed on notice that the injunction applied to that entity. The Court therefore finds this aspect of the proposed injunction overbroad and, accordingly, rejects that aspect of the Report.

For the foregoing reasons, the Report and Recommendation is adopted in part and rejected in part. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 29, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE